Opinion filed July 13, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed July 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00044-CV 

 

                                                    __________

 

               ZURICH AMERICAN INSURANCE COMPANY, Appellant

 

                                                             V.

 

                   HUGHES,
WATTERS & ASKANASE, L.L.P., Appellee

 



 

                                         On
Appeal from the 164th District Court

 

                                                          Harris County,
Texas

 

                                               Trial
Court Cause No. 2003-27371

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

Zurich American Insurance Company appeals from the
trial court=s order
granting summary judgment to Hughes, Watters & Askanase, L.L.P. in a legal
malpractice claim.  We affirm. 

                                                               Background
Facts








 Piccadilly
Cafeterias of Texas, Inc. operated a restaurant and was a tenant of Northline
Mall in Harris County, Texas.  In 1997, a
corridor wall in the mall collapsed. 
This interrupted the mall=s
utilities and power and caused the mall to be closed for repairs.  Piccadilly was forced to close for
approximately three months because of the repairs.  Zurich was
Piccadilly=s
insurer, and Zurich
paid Piccadilly $283,492 for a business interruption claim.  Zurich
hired Hughes Watters to file a subrogation suit.  In 1999, one day before limitations ran,
Hughes Watters filed a petition for intervention on behalf of Zurich in a case titled Sammie Lee Curtis,
et al v. Northline Joint Ventures, et al. 
Subsequently, Hughes Watters filed a petition for intervention on behalf
of Zurich in a
case titled Rice Food Markets, Inc. v. Northline Joint Ventures, et al.  This intervention was filed more than two
years after the wall=s
collapse.  Hughes Watters then nonsuited Zurich=s claims in the Curtis case.  The trial court granted summary judgment
against Zurich in the Rice case on the
ground that the original intervention did not toll limitations and, therefore,
that Zurich=s subrogation claim was barred by
limitations.

Zurich  filed suit against Hughes Watters for legal
malpractice.  Hughes Watters filed a
traditional motion for summary judgment asserting that Zurich could not
establish the Acase
within a case@
necessary to prevail on its legal malpractice claim because Piccadilly did not
sustain property damage when the wall collapsed and, therefore, that the
economic loss rule precluded any recovery. The trial court granted Hughes
Watters summary judgment.  Zurich appeals from this
judgment. 

Issue on Appeal

In Zurich=s sole issue, it asserts that the trial
court erred in granting Hughes Watters=s  motion for summary judgment because
Piccadilly sustained property damage and, therefore, that Zurich could have satisfied the economic loss
rule.

Standard of Review

A trial court properly grants a motion for summary
judgment if the moving party establishes that no genuine issue of material fact
exists and that the moving party is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex.
1991).  Summary judgment in favor of a
defendant is proper if the defendant disproves at least one element of the
plaintiff's case.  Am. Tobacco Co.,
Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 
When reviewing a summary judgment, we take as true evidence favorable to
the nonmovant and indulge every reasonable inference and resolve any doubts in
favor of the nonmovant.  Id. at 425; Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985).








Case-Within-a-Case Rule 

A legal malpractice claimant must show that a duty
existed, that the duty was breached, and that the breach was the proximate
cause of plaintiff=s
damages.  Cosgrove v. Grimes, 774
S.W.2d 662, 666 (Tex.
1989); Mackie v. McKenzie, 900 S.W.2d 445, 448 (Tex. AppCTexarkana 1995, writ denied).  To establish proximate cause, the claimant
must show that it would have prevailed in the underlying suit but for the
attorney=s
negligence.  Schaeffer v. O=Brien, 39 S.W.3d 719, 720-21 (Tex.
App.CEastland
2001, pet. denied ).  This is often
referred to as the Acase
within a case.@  Id.  Zurich=s malpractice claim, therefore,
required proof that it would have prevailed in its subrogation claim if Hughes
Watters had intervened before the statute of limitations expired. 

Economic Loss Rule 

The economic loss rule provides that, in tort
cases, economic damages are not recoverable unless they are accompanied by
actual physical injury or property damage. 
Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 107 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  The rule is a vehicle for
defining duty and liability.  It has, for
example, been used to distinguish between tort duties and contractual duties. See,
e.g., Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991). 
It has been used to define a manufacturer=s
or seller=s
liability when a defective product causes damage only to itself.  See, e.g., Am. Eagle Ins. Co. v. United
Techs. Corp., 48 F.3d 142, 144 (5th Cir. 1995); Nobility Homes of Tex., Inc. v. Shivers, 557 S.W.2d 77, 80 (Tex. 1977).  It has also been used to define the extent of
duty owed when one alleged tortfeaser=s
action arguably damages several others.  See,
e.g., Rodriguez v. Carson, 519 S.W.2d 214, 215-16 (Tex. Civ. App.CAmarillo 1975, writ ref=d n.r.e.); see also Express One Int=l, Inc. v. Steinbeck, 53 S.W.3d
895, 899 (Tex. App.CDallas
2001, no pet.) (the economic loss rule places reasonable limits on a defendant=s liability to those who suffer only
economic damages).








The parties agree that the economic loss rule
applies to any claim Piccadilly may have had. 
Zurich
stood in the shoes of Piccadilly as the subrogee.  Nat=l
Union Fire Ins. Co. of Pittsburgh, Pa. v. John Zink Co., 972 S.W.2d 839
(Tex. App.CCorpus
Christ 1998, pet denied).  Zurich was, thus, subject
to the rule as well.  Zurich did not pay Piccadilly for any
property damage but paid only business interruption benefits.  Consequently, Zurich=s
subrogation claim did not seek recovery of property damage but, instead, sought
reimbursement of the business interruption benefits it had paid.  Hughes Watters does not allege that Zurich was required to
plead a property damage claim.[1]  Hughes Watters contends that, because
Piccadilly suffered no property damage, the economic loss rule bars the
malpractice claim.

Summary Judgment Evidence

The parties executed an agreed stipulation of
facts in connection with Hughs Watters=s
motion for summary judgment.  The parties
agreed that a corridor wall at the mall collapsed, that this wall was not one
of Piccadilly=s walls,
and that Piccadilly was forced to close for approximately three months because
of the wall collapse.  The parties agreed
further:

The direct damage to the location consisted of cleanup
of the restaurant=s
equipment and fixtures from the construction dust.  Some stock items and prepared food and food
in process spoiled as a result of the closure of the location. 

                                              Did
Piccadilly Suffer Property Damage?

Neither party has provided this court with any
authority for the definition of property damage.  Our research has revealed no
economic-loss-rule case which attempts to provide a comprehensive definition of
property damage other than by example. 
To determine if Piccadilly=s
cleanup work and spoiled food costs constitute property damage, we will
consider these examples and case law defining property damage in other
contexts. 








In Trans-Gulf Corp. v. Performance Aircraft
Servs., Inc., 82 S.W.3d 691, 695 (Tex. App.CEastland
2002, no pet.), this court held that the economic loss rule barred a claim by
an aircraft purchaser against a repair company for additional costs incurred
because of a faulty fuel tank repair.  In
Blanche v. First Nationwide Mortgage Corp., 74 S.W.3d 444, 453 (Tex.
App.CDallas
2002, no pet.), the court held that credit damage and increased costs incurred
because of that damage were economic damages and, thus, not recoverable in a
simple negligence action.  In Express
One, 53 S.W.3d at 899, the court held that the economic loss rule barred a
claim by an employer against a former employee for litigation-related costs it
incurred because of a statement posted by the former employee on an internet
bulletin board.  In Coastal Conduit
& Ditching, Inc. v. Noram Energy Corp., 29 S.W.3d 282, 290 (Tex. App.CHouston [14th Dist.] 2000, no pet.),
the court held that a contractor=s
claim for increased costs because of a gas company=s
failure to properly lay or mark pipelines was barred by the economic loss rule.

Tex. Fin.
Code Ann. ' 304.101
(Vernon Supp. 2005) allows for prejudgment interest in wrongful death, personal
injury, or property damage cases.  The
statute does not define Aproperty
damage.@  Texas
courts construing this statute have given the term its ordinary meaning.  See Associated Tel. Directory Publishers,
Inc. v. Five D=s
Publ=g Co.,
849 S.W.2d 894, 900 (Tex. App.CAustin
1993, no writ).  One court has held that
property damage ordinarily entails physical destruction of property.  Amarillo
Nat=l Bank v.
Terry, 658 S.W.2d 702, 704 (Tex. App.C
Amarillo 1983, no writ) (bank=s
loss caused by minor=s
unauthorized withdrawals constitutes economic loss and not property
damage).  Other courts have held that
property damage requires actual damage to tangible property and not mere
economic loss or loss of economic opportunity. 
See, e.g., Mfrs. Auto Leasing, Inc. v. Autoflex Leasing, Inc., 139
S.W.3d 342, 348 (Tex. App.CFort
Worth 2004, pet. denied); Spangler v. Jones, 861 S.W.2d 392, 398 (Tex.
App.CDallas
1993, writ denied).

From these cases it is clear that property damage
cannot consist merely of damage to an intangible asset or increased operational
costs.  Instead, some physical
destruction of tangible property must occur. 
Piccadilly=s cleanup
costs are merely increased operational costs and do not satisfy the economic
loss rule.

The spoiled food and food products is a closer
question.  Because the products spoiled
as a result of the restaurant=s
closure, they are also economic damages. 
Food and food products are continually consumed and replaced as part of
a restaurant=s normal
operations.  Because they are perishable
goods, they must be discarded if not timely consumed.  The collapsed wall did not destroy any of
Piccadilly=s
inventory.  That inventory was discarded
because the restaurant was closed for three months.  If Piccadilly had prosecuted its own action,
its claim would not have been for the cost of replacing any inventory but for
the profits it lost as a consequence of being closed for three months.  Piccadilly=s
cleanup costs, inventory restocking costs, and any other out-of-pocket expenses
incurred while closed would have factored into the lost profits
calculation.  








Zurich
has not identified any property damage that Piccadilly sustained as a result of
the wall=s
collapse.  Consequently, the economic
loss rule bars Zurich=s subrogation claim, and the trial
court correctly granted Hughes Watters=s
motion for summary judgment.  Zurich=s issue is overruled. 

Conclusion 

The trial court=s
judgment is affirmed.  

 

 

RICK STRANGE

JUSTICE

 

July 13, 2006

Panel
consist of:  Wright, C.J., and

McCall,
J., and Strange, J. 











[1]We need not decide, therefore, if Zurich was required to assert a property
damage claim or merely that its insured suffered one, and we express no opinion
on this issue.  Cf. Johnson &
Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 530 (Tex.
1998) (prejudgment interest statute does not apply when claimant pleads only
economic loss rather than property damage); Express One, 53 S.W.3d at
899 (to recover damages for negligence, a party must plead and prove something
more than mere economic harm).