Affirmed and Majority and Concurring Opinions filed March 8, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00974-CV

___________________

 

Robin Singh Educational Services, Inc.,
Appellant

 

V.

 

Test masters Educational Services, Inc.,
Appellee



 



 

On
Appeal from the 270th District Court

Harris County,
Texas



Trial Court Cause No. 2009-07572

 



 

 

MAJORITY  OPINION

            Appellant, Robin Singh Educational Services, Inc.,
appeals from the granting of a motion for summary judgment in favor of
appellee, Test Masters Educational Services, Inc.  We affirm.

Factual and Procedural Background

            Appellant
and appellee both offer test preparation courses for various standardized
scholastic examinations.  Appellant is a California company based in Los
Angeles, while appellee is a Texas company based in Houston.  Appellee operates
as “Test Masters Educational Services” and owns the domain name “www.testmasters.com” and corresponding email addresses. 
Appellant operates as “Testmasters” and owns the domain names
“www.testmasters.net” and “www.testmasters180.com.” 
Appellant and appellee have engaged in extensive litigation over the use of the
name “Testmasters” in all of its various forms.  In the litigation involved in
this appeal, appellant asserts a single cause of action against appellee:
conversion.  Specifically, appellant contends that potential consumers of appellant’s
test preparation courses, confused as a result of the similar names of the two
businesses, mistakenly sent email communications to appellee.  Appellant further
asserts (1) it has a right to possess these “misdirected” emails; (2) it has
demanded that appellee “return” them; and (3) that appellee has refused to do
so.

            Eventually,
appellee moved for summary judgment.  In its motion, appellee argued it was
entitled to summary judgment because (1) email communications are intangible
property incapable of being converted as a matter of law; and (2) receipt of
misdirected intangible electronic communications is not conversion of property
under Texas law.  Following a hearing, the trial court granted appellee’s
motion without specifying the reason and dismissed appellant’s claim.  This
appeal followed.

Discussion

            In
two issues on appeal, appellant asserts the trial court erred when it granted
appellee’s motion for summary judgment.  Initially, appellant contends the
trial court erroneously determined that email communications are intangible property
incapable of being converted under Texas law.  In his second issue, appellant
argues that if we conclude emails are intangible property, we should still
reverse the summary judgment because the so-called merger exception applies to
the misdirected emails.  

 

I.         The standard of
review.

The movant for summary judgment has the burden to
show there is no genuine issue of material fact and it is entitled to judgment
as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985).  If there is no genuine issue of material fact, summary judgment
should issue as a matter of law.  Haase v. Glazner, 62 S.W.3d 795, 797
(Tex. 2001).  In addition, summary judgment is proper where a plaintiff’s claim
is not cognizable under Texas law.  See Express One Int’l v. Steinbeck,
53 S.W.3d 895, 898 (Tex. App.—Dallas 2001, no pet.).  We review a trial court’s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).

II.        Does Texas
conversion law encompass intangible property?

            “The unauthorized
and wrongful assumption and exercise of dominion and control over the personal
property of another, to the exclusion of or inconsistent with the owner’s
rights, is in law a conversion.”  Hunt v. Baldwin, 68 S.W.3d 117, 131
(Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting Waisath v. Lack’s
Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971)).  The elements of a cause of
action for conversion are: (1) the plaintiff owned, had legal possession of, or
was entitled to possession of the property; (2) the defendant assumed and
exercised dominion and control over the property in an unlawful and unauthorized
manner, to the exclusion of and inconsistent with the plaintiff’s rights; and
(3) the defendant refused plaintiff’s demand for return of the property.  Id.

            Appellant’s claim
is based solely on the alleged conversion of intangible electronic communications
which appellant alleges were mistakenly sent to appellee by potential customers
of appellant.  However, under Texas law, a tort action for conversion is
limited to tangible property.  See Express One, 53 S.W.3d at 901 (“Texas
law has never recognized a cause of action for conversion of intangible
property except in cases where an underlying intangible right has been merged
into a document and that document has been converted.”)  Because the allegedly
misdirected emails are intangible, they cannot support a conversion claim.  See
id.  Therefore, we overrule appellant’s first issue.[1]

III.      Did appellant
waive its second issue?

            In its second
issue, appellant asserts that if we decide emails are intangible personal
property, then the so-called “merger exception” should apply to defeat
appellee’s motion for summary judgment.  Under the “merger exception,” some
courts have held that certain types of intangible property rights can be
converted where the underlying intangible right has been merged into a physical
document and that document itself has been converted.  Pebble Beach Co. v.
Tour 18 I, Ltd., 942 F.Supp. 1513, 1569 (S.D. Tex. 1996).  Under this
so-called “merger exception,” Texas courts have recognized conversion claims
involving the following types of intangible property: lease documents, Prewitt
v. Branham, 643 S.W.2d 122, 123 (Tex. 1983); confidential customer lists, Deaton
v. United Mobile Networks, L.P., 926 S.W.2d 756, 762 (Tex. App.—Texarkana
1996), rev’d in part on other grounds, 939 S.W.2d 146 (Tex. 1997); and shares
of stock, Watts v. Miles, 597 S.W.2d 386, 387–88 (Tex. App.—San Antonio
1980, no writ).

In response to this issue, appellee asserts appellant
waived this argument on appeal because it was not presented in appellant’s summary
judgment response.  To preserve an argument against the granting of a motion
for summary judgment for appellate review, the non-movant must expressly
present that argument to the trial court within its written response to the
motion.  Priddy v. Rawson, 282 S.W.3d 588, 597 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied).  Appellant did not include in its summary judgment
response any argument that the trial court should deny appellee’s motion
because the misdirected emails fall within the “merger exception.”  Thus,
appellant failed to preserve this issue for appellate review.  We overrule
appellant’s second issue.

Conclusion

            Having overruled
appellant’s issues on appeal, we affirm the trial court’s final judgment.   

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown. (Frost, J., Concurring.)

 









[1] To the extent appellant
invites this court to extend the law of conversion to include misdirected
intangible email communications, we decline that invitation.  See Bren-Tex
Tractor Co., Inc. v. Massey-Ferguson, Inc., 97 S.W.3d 155, 161 (Tex.
App.—Houston [14th Dist.] 2002, no pet.) (stating that the creation of a new
tort duty is beyond the province of an intermediate appellate court).