**Affirmed and Opinion filed October 18, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00441-CV

### CHARLES WATSON, Appellant

### V.

### TALIA HEIGHTS, LLC, TALIA COURT, LLC, AND MEHTA REAL ESTATE, LTD., Appellees

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-28746**

## O P I N I O N

This dispute arises from the alleged misappropriation of appellant Charles Watson's name in connection with certain real estate transactions. Watson sued appellees Talia Heights, LLC, Talia Court, LLC, and Mehta Real Estate, Ltd. (collectively, the "Talia Appellees"), asserting claims for misappropriation of his name and conspiracy. The trial court granted the Talia Appellees' summary judgment motion. Because we conclude that Watson did not produce any evidence

to support certain elements of his claims, we affirm.

## BACKGROUND

Watson and Tiffanie Purvis, a Houston real estate broker, were partners in romance and business. Watson and Purvis formed a general partnership to invest in real estate and pursue related business opportunities. Watson's and Purvis's romantic relationship ended in 2014; Watson sued Purvis in May 2015 asserting claims arising from the parties' business dealings.

Watson filed a first amended petition in May 2016 and added claims against the Talia Appellees. Watson's newly added claims alleged that Purvis and the Talia Appellees signed certain real estate purchase contracts on behalf of Watson without his permission. The real estate purchase contracts subsequently were assigned to appellee Talia Heights, LLC. Watson asserts that the real estate purchase contracts and subsequent assignments were executed without his knowledge or consent.

Watson asserts that he was identified as the properties' purchaser because his name would secure "a more favorable price for the subject real estate, because the sellers would have demanded a higher price from a buyer who was a known real estate developer or real estate broker than from a buyer who was merely an individual and not a real estate professional." Watson asserted claims against the Talia Appellees for misappropriation of his name and conspiracy.

The Talia Appellees filed a no evidence and a separate traditional summary judgment motion. *See* Tex. R. Civ. P. 166a(c), (i). The Talia Appellees' no evidence summary judgment motion asserted that Watson could not produce any evidence to support certain elements of his misappropriation and conspiracy claims. The Talia Appellees' traditional summary judgment motion asserted that Watson's claims were barred by the applicable statute of limitations.

2

The trial court signed an order on April 7, 2017, granting the Talia Appellees' no evidence and traditional summary judgment motions and dismissing all of Watson's claims against the Talia Appellees. The trial court's order did not specify the grounds on which its decision was based. Watson timely appealed.

## STANDARD OF REVIEW

When the trial court's order does not specify the grounds it relied on in reaching its decision, we affirm if any ground advanced by the moving party is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000); *Wyly v. Integrity Ins. Solutions*, 502 S.W.3d 901, 904 (Tex. App.— Houston [14th Dist.] 2016, no pet.). The burden is on the non-moving party to show that each independent summary judgment argument was insufficient to support the trial court's judgment. *Brown v. Hensley*, 515 S.W.3d 442, 446 (Tex. App.— Houston [14th Dist.] 2017, no pet.).

We review *de novo* the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a movant has filed both a no evidence and a traditional summary judgment motion, we typically review the propriety of the summary judgment under the no evidence standard first. *Patidar v. Bank of Am., N.A.*, 442 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

In a no evidence summary judgment motion, the moving party represents that there is no evidence of one or more essential elements of a claim for which the non-moving party bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). A no evidence summary judgment motion must be granted if the non-moving party does not respond with competent evidence that raises a genuine issue of material fact on the challenged elements. *Allen v. Connolly*, 158 S.W.3d 61, 64 (Tex. App.—

Houston [14th Dist.] 2005, no pet.). We take as true all evidence favorable to the non-moving party and indulge every reasonable inference and resolve any doubts in the non-moving party's favor. *Id*.

ANALYSIS

The Talia Appellees moved for a no evidence and a traditional summary judgment; Watson's arguments on appeal challenge the trial court's summary judgment under both standards. Because we conclude that the Talia Appellees were entitled to summary judgment on no evidence grounds, we do not address Watson's other arguments on appeal. *See FM Props. Operating Co.*, 22 S.W.3d at 872-73; *Wyly*, 502 S.W.3d at 904.

## I. Misappropriation

The Talia Appellees assert that they were entitled to summary judgment on Watson's misappropriation claim because Watson cannot produce any evidence to show that his name was misappropriated for the value associated with it.

The three elements of a misappropriation claim are (1) the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant. *Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 900 (Tex. App.—Dallas 2001, no pet.) (citing *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994)); *see also Doggett v. Travis Law Firm, P.C.*, No. 01-17-00098-CV, 2018 WL 2141412, at *3 (Tex. App.—Houston [1st Dist.] May 10, 2018, pet. denied). "Name misappropriation is a species of invasion of privacy, and Texas law applies a very restrictive interpretation of the tort." *Cardiovascular Provider Res. Inc. v. Gottlich*, No. 05-13-01763-CV, 2015 WL 4914725, at *3 (Tex. App.—Dallas Aug. 18, 2015,

4

pet. denied) (mem. op.).

"Texas law does not protect a name *per se*, but the value associated with it." *Express One Int'l, Inc.*, 53 S.W.3d at 900. To establish liability for misappropriation, "the defendant must have appropriated to his own use or benefit the reputation, prestige, social or commercial standing, public interest or other values" of the plaintiff's name. *Moore v. Big Picture Co.*, 828 F.2d 270, 275 (5th Cir. 1987) (citing Restatement (Second) of Torts § 652C, cmt. c (1977)). An appropriation generally becomes actionable when the plaintiff's name is used "'to advertise the defendant's business or product, or for some similar commercial purpose.'" *Express One Int'l, Inc.*, 53 S.W.3d at 900 (quoting *Matthews*, 15 F.3d at 437).

These principles are discussed in *Cardiovascular Provider Resources, Inc.*, 2015 WL 4914725, at *1-2. The defendant maintained an "investor list" that governed the defendant's investment in a separate entity — the more investors who were listed, the more money the defendant was able to invest. *Id*. The plaintiff brought a misappropriation claim against the defendant after the defendant refused to remove the plaintiff's name from the investor list. *Id*. at *2. The jury returned a verdict for the plaintiff on his misappropriation claim. *Id*.

The Dallas Court of Appeals reversed the jury's verdict and concluded that the plaintiff "failed to provide any evidence that his name specifically had a unique value that was misappropriated and diluted" by the defendant. *Id*. at *3, *5. Because "there [was] no evidence to show that [the defendant's] use of [the plaintiff's name] on its investor list had anything to do with seeking or deriving a benefit from [the plaintiff's] reputation, prestige, notoriety or skill," the plaintiff failed to show that his inclusion on the investor list had anything to do with his unique skills or reputation. *Id*. at *3. The court also pointed out that the plaintiff "was merely a

5

member of a pool of physicians with identical qualifications" and that, when the plaintiff's name was removed from the investor list, "it was replaced with that of another physician with no impact on [the defendant's] investment." *Id.*

Analyzing this teaching, we conclude that Watson did not satisfy his summary judgment burden because he did not bring forth any evidence to show that the Talia Appellees misappropriated his name to benefit from the value associated with it. Watson's summary judgment evidence did not show that his name was used to take advantage of his "reputation, prestige, social or commercial standing, public interest or other values." *See Moore*, 828 F.2d at 275.

Watson's arguments on appeal focus on the benefits conferred on the Talia Appellees from the real estate transactions at issue. Watson asserts that the Talia Appellees received (1) $12 million in revenue from the development of the purchased properties; (2) a co-obligor under the terms of the real estate purchase contracts; and (3) a "lock-up right on valuable properties for development." Watson asserts that these benefits resulted from the misappropriation of his name.

But Watson does not present any evidence or argument showing that these benefits derived from the Talia Appellees' misappropriation of the **value** associated with Watson's name. These alleged benefits stemmed from the real estate transactions themselves — not from his name's reputation, prestige, or notoriety, or from the transactions' ability to capitalize on these qualities. *See id.* Accordingly, these benefits do not constitute any evidence showing that Watson's name was misappropriated for the value associated with it. *See Express One Int'l, Inc.*, 53 S.W.3d at 900 ("Texas law does not protect a name *per se*, but the value associated with it.").

Watson asserts in his reply brief that the Talia Appellees used his name in the challenged real estate transactions because he "was anonymous in the real estate

investing game," thereby permitting the appellees to "underhandedly 'lock-up' valuable real estate properties for development." This argument runs counter to the showing necessary to avoid summary judgment on Watson's misappropriation claim.

The Talia Appellees' no evidence summary judgment motion required Watson to produce evidence showing that his name was misappropriated to take advantage of his reputation, prestige, or other values. *See Moore*, 828 F.2d at 275. Watson's argument instead suggests that his name was misappropriated because it **lacks** these attributes and could be considered "anonymous." As in *Cardiovascular Provider Resources, Inc.*, this argument does not show that the Talia Appellees' alleged misuse of Watson's name had "anything to do with [Watson's] unique skills or reputation" — it instead suggests that Watson's name was interchangeable with that of any other "anonymous" individual. *See* 2015 WL 4914725, at *3.

Watson did not present any evidence or argument showing that his name was misappropriated for the value associated with it. The Talia Appellees were entitled to a no evidence summary judgment on Watson's misappropriation claim.

## II. Conspiracy

Concluding that Watson did not satisfy his summary judgment burden with respect to his misappropriation claim, we also affirm summary judgment on Watson's derivative conspiracy claim.

There is no independent liability for civil conspiracy. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Civil conspiracy often is described as a "derivative tort" because a defendant's liability requires proof of his participation in another underlying tort for which the plaintiff seeks to hold him liable. *Wohlstein v. Aliezer*,

7

321 S.W.3d 765, 775 (Tex. App.—Houston [14th Dist.] 2010, no pet.). If summary judgment is granted as to the underlying tort, summary judgment also must be granted with respect to the derivative conspiracy claim. *See id*.

Watson asserted against the Talia Appellees a claim for misappropriation of his name and a derivative conspiracy claim. Because we conclude that the Talia Appellees were entitled to summary judgment on Watson's misappropriation claim, the appellees also were entitled to summary judgment on Watson's derivative conspiracy claim. *See Wolhstein*, 321 S.W.3d at 775; *Four Bros. Boat Works, Inc.*, 217 S.W.3d at 668.

## CONCLUSION

We conclude that the Talia Appellees were entitled to summary judgment on no evidence grounds. We need not address Watson's other arguments on appeal. We affirm the trial court's April 7, 2017 order.

/s/     William J. Boyce
Justice

Panel consists of Justices Boyce, Christopher, and Busby.