**Affirmed and Opinion Filed December 6, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00957-CV

**NEAL YANOFSKY, Appellant**

**V.**

**BUFF CITY SOAP INVESTCO, LLC, MICHAEL SUTTON AND
GUIDEBOAT CAPITAL PARTNERS, LLC, Appellees**

**On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-20-09871**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

Appellant Neal Yanofsky appeals the trial court's order granting traditional

summary judgment on his third-party breach of contract claim against appellee

Guideboat Capital Partners, LLC (Guideboat)[1] and granting no evidence summary

---

[1] Yanofsky has not appealed any ruling regarding Buff City Soap Investco, LLP ("Buff City Soap"), the entity that first brought the underlying lawsuit against Yanofsky, and Buff City Soap has made no appearance in this appeal. As a result, we reach no issue in this appeal regarding any claims between Buff City Soap and Yanofsky. We also reach no issue in this appeal regarding Yanofsky's third-party claims against Michael Sutton, Buff City Soap's Chief Executive Officer and Guideboat's Managing Partner, as Yanofsky has only appealed the trial court's summary judgment rulings on his breach of contract claim and his claim for invasion of privacy based on misappropriation of his likeness—claims Yanofsky asserted only against Guideboat, according to his latest pleading.

judgment on his third-party claim against Guideboat for invasion of privacy based on misappropriation of his likeness. For the reasons that follow, we affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. BACKGROUND

Buff City Soap sued Yanofsky seeking a declaratory judgment that no valid, enforceable contract existed between the two parties and seeking attorney's fees. Yanofsky answered, generally denied Buff City Soap's claims, and asserted various affirmative defenses.

Yanofsky also filed a third-party petition against appellees Guideboat and Michael Sutton and later amended that petition. In his amended petition, Yanofsky asserted third-party claims against both Guideboat and Sutton for fraud and fraudulent inducement, as well as claims against Guideboat for breach of contract, promissory estoppel, quantum meruit, and invasion of privacy from appropriation of likeness.

Appellees filed a joint summary judgment motion. Buff City Soap moved for traditional summary judgment on its declaratory judgment claim against Yanofsky, and Sutton and Guideboat moved for (1) traditional summary judgment on Yanofsky's claims for breach of contract, quantum meruit, and promissory estoppel and (2) no evidence summary judgment on Yanofsky's claims for fraud, fraudulent inducement, and invasion of privacy from appropriation of likeness.

Yanofsky responded to the joint summary judgment motion. He stated, in part, "After further analysis, Yanofsky intends to go to trial on his breach of contract and appropriation of likeness claims." He included arguments opposing the summary judgment motions on those two claims but not on any other claims.

The trial court granted summary judgment to Buff City Soap, Sutton, and Guideboat, declaring no valid contract existed and dismissing all of Yanofsky's third-party claims. Yanofsky appealed, and though we initially questioned our jurisdiction, we ultimately concluded we have jurisdiction over the appeal.[2]

## II. ISSUES AND ANALYSIS

In two issues, Yanofsky argues the trial court erred in granting summary judgment on his third-party claims for breach of contract and invasion of privacy from appropriation of his likeness.

### A. Applicable Standards

A party may move for summary judgment based on traditional or no evidence grounds, or both. *See* TEX. R. CIV. P. 166a(c) (traditional grounds); *see also id.* 166a(i) (no evidence grounds).

---

[2] Because the signed judgment initially included an incorrect date of August 25, 2021, we questioned our jurisdiction, as it appeared Yanofsky's appeal was untimely. Our concern regarding untimeliness was addressed by receipt of supplemental clerk's records showing the trial court granted a joint motion for entry of judgment nunc pro tunc and entered a judgment nunc pro tunc ("judgment") correctly reflecting the trial court granted summary judgment on August 25, 2022.

However, while our concern regarding timeliness was addressed, because the trial court's judgment did not address Buff City's claim for attorney's fees, we again questioned our jurisdiction, as it did not initially appear to us that the judgment was final. Ultimately, however, we concluded we have jurisdiction over this appeal, as the trial court granted summary judgment to Buff City after Buff City orally stipulated in the February 3, 2022 summary judgment hearing that it was not seeking attorney's fees.

–3–

To prevail on a traditional summary judgment motion, a movant must conclusively establish there is no genuine issue of material fact and, therefore, the movant is entitled to judgment as a matter of law. *Id.* 166a(c). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). If the movant establishes its right to judgment as a matter of law, then the burden shifts to the nonmovant to either present evidence raising a genuine issue of material fact by producing more than a scintilla of evidence regarding the challenged element, or conclusively prove all elements of an affirmative defense. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). More than a scintilla of evidence exists when reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

A party may move for a no evidence summary judgment if there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). No evidence summary judgment is proper when:

(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To defeat a no evidence summary judgment motion, the nonmovant must produce more than a scintilla of probative evidence raising a genuine issue of material fact as to each challenged element of its cause of action. *Id.* If the nonmovant fails to do so, the trial court must grant a no evidence summary judgment motion. *See* TEX. R. CIV. P. 166a(i). "Less than a scintilla of evidence exists when it is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem., Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

We review de novo the trial court's ruling on a motion for summary judgment. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Ortiz*, 589 S.W.3d at 131 (quoting *Dorsett*, 164 S.W.3d at 661).

## B.     Breach of Contract

In his first issue, Yanofsky argues the trial court erred in granting summary judgment for Sutton and Guideboat on his breach of contract claim. Yanofsky's amended petition alleged, in part:

> Yanofsky and Guideboat entered into a contract whereby Yanofsky would provide consulting services to it and, upon closing of the BCS investment, Yanofsky's consulting work would continue, he would receive a board seat and compensation for that role, and receive options. Yanofsky provided valuable consideration and fully performed . . . or was excused from performing his contractual obligations under the contract and satisfied all conditions precedent under the contract. Guideboat breached the contract by refusing to follow the express and/or implied terms of the contract[,] [and] [a]s a direct and proximate consequence of Guideboat's breach, Yanofsky suffered damages . . . [and] had to retain attorneys to prosecute this action and agreed to pay the retained attorneys a reasonable fee.

In appellees' joint summary judgment motion, Sutton and Guideboat moved for traditional summary judgment on Yanofsky's breach of contract claim, *see* TEX. R. CIV. P. 166a(c), arguing that, as a matter of law, no contract existed, and that, even assuming a contract existed, no breach occurred.

In his summary judgment response, Yanofsky contested both issues, arguing that the contract was formed in an email exchange between him and Sutton and arguing that Guideboat breached that alleged contract by notifying him on November 4, 2019 he "was no longer needed."

In its judgment, the trial court did not specify whether its ruling was based on the first ground (no contract), second ground (no breach), or both. The judgment stated, in pertinent part:

> Sutton and Guideboat are entitled to judgment as a matter of law on . . . Yanofsky's . . . breach-of-contract claim. Yanofsky's breach-of-contract claim against Sutton and Guideboat is dismissed with prejudice as to re-filing same, and Yanofsky shall take nothing on his breach-of-contract claim against Sutton and Guideboat[.]

When, as here, the trial court does not specify the grounds upon which it granted summary judgment, we must affirm if any of the independent summary judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

For purposes of this opinion, we assume, without deciding, that Guideboat[3] met its burden of establishing its right to judgment as a matter of law that no contract with Guideboat existed and that Yanofsky presented evidence raising a genuine issue of material fact by producing more than a scintilla of evidence that one did. *See Neely*, 418 S.W.3d at 59; *Willrich*, 28 S.W.3d at 23 (discussing summary judgment burdens).

Even with this assumption, however, we must also consider whether Guideboat met its burden of establishing its right to judgment as a matter of law on its other asserted basis for summary judgment—that no breach of that agreement occurred—and if so, whether Yanofsky produced more than a scintilla of evidence that Guideboat breached it. *See Neely*, 418 S.W.3d at 59; *Willrich*, 28 S.W.3d at 23 (discussing summary judgment burdens).

---

[3] Despite the references to "Sutton and Guideboat" in the portion of the trial court's judgment on Yanofsky's breach of contract claim, we refer here only to Guideboat because, as indicated previously, Yanofsky asserted this claim only against Guideboat.

Based on the record before us, we conclude Guideboat met its burden but that Yanofsky did not do so, as Yanofsky failed to produce more than a scintilla of evidence that Guideboat breached the agreement. In appellees' joint summary judgment motion, Sutton and Guideboat argued that even if Yanofsky and Sutton's August 2019 email exchange was assumed or determined to be a valid contract, summary judgment was still proper on Yanofsky's claim for breach of contract because "Yanofsky cannot identify a single contractual provision that Sutton or Guideboat breached." Among other items submitted with their summary judgment motion, Sutton and Guideboat included the August 2019 email exchange Yanofsky alleged constituted a contract, portions of the depositions of Yanofsky and Sutton, and a declaration by Sutton. Citing the alleged contract, Sutton and Guideboat argued that, because the alleged contract does not identify a start date or term of the alleged employment relationship, any alleged employment contract was at will, terminable by either party at any time with or without cause, and thus the decision not to appoint Yanofsky as Buff City's Executive Chairmain was, as a matter of law, not a breach of the alleged contract.

In Yanofsky's summary judgment response, he argued "Sutton and Guideboat breached the contract on November 4, 2019." He included with his response a declaration stating, among other things, "On November 4, 2019, Sutton called me and told me I was no longer needed." Yanofsky identified no other alleged breach in his summary judgment response.

"Texas follows the employment-at-will doctrine, and employment for an indefinite term may be terminated at will and without cause." *Williams v. First Tennessee Nat'l Corp.*, 97 S.W.3d 798, 802–03 (Tex. App.—Dallas 2003, no pet.). "Absent a specific contract term to the contrary, this doctrine allows an employee to quit or be terminated without liability on the part of the employer or the employee, with or without cause." *Id.* at 803; *see Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) (For a binding contract of employment to exist, "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances.").

Here, we agree with Sutton and Guideboat's argument that Yanofsky has failed to specify a particular provision within the alleged agreement that Guideboat allegedly breached. Sutton and Guideboat provided as part of their summary judgment evidence the same alleged agreement that Yanofsky cites as proof of his alleged contract, and nothing within that agreement provides for any particular term of employment or limits either party's ability to terminate the agreement, even assuming it exists, for any reason and at any time. Thus, even assuming the email chain between Sutton and Yanofsky constituted an employment contract between Guideboat and Yanofsky, because the assumed contract lacks any specific term to the contrary, the employment-at-will doctrine allowed Yanofsky to quit or be terminated without liability on the part of Guideboat or Yanofsky, with or without cause. *See Williams*, 97 S.W.3d at 803.

We overrule Yanofsky's first issue.

## C. Invasion of Privacy From Appropriation of Likeness

In his second issue, Yanofsky argues the trial court erred in granting summary judgment for Sutton and Guideboat on his claim for invasion of privacy from appropriation of his likeness.

In his live pleading, Yanofsky alleged, in pertinent part, "Guideboat has appropriated Yanofsky's likeness for the value associated with it[,]" Yanofsky "can be identified from Guideboat's appropriation of his likeness in its investment-related materials[,]" "Guideboat has received some advantage or benefit from its appropriation of Yanofsky's likeness[,]" and "Yanofsky has suffered injury as a result of Guideboat's appropriation of his likeness, while Guideboat has been unjustly enriched."

Sutton and Guideboat moved for no evidence summary judgment on this claim. *See* TEX. R. CIV. P. 166a(i). Specifically, appellees' joint summary judgment motion stated, "While there is no dispute that Yanofsky's name was listed in certain investment materials . . . no evidence has been put forth that Sutton or Guideboat received any benefit from the use of Yanofsky's name" and that "Yanofsky has not put forth any evidence that he suffered any injury from the use of his likeness."

In the portion of his summary judgment response addressing this claim, Yanofsky argued Guideboat received a benefit from the misappropriation of his

likeness, but he did not address the argument that he had no evidence he suffered any injury from the use of his likeness.

As to the alleged benefit to Guideboat, Yanofsky's summary judgment response claimed "Sutton and Guideboat appropriated the name for its benefit to close the deal" and cited, as the only evidence, an email response to Sutton from an executive recruiter, Helen Lao. In the email chain between the two, Sutton informed Lao that Guideboat was in the process of buying an entrepreneurial-owned, plant-based soap production company and referred to Yanofsky as an "exec chairman" Guideboat had "teed up" as part of the "senior team." Sutton also stated there were still two positions Guideboat was "trying to identify pre-close" and he would love to talk with Lao about one of them, a franchise sales position. Lao responded by stating she would "love to talk further" and by stating, "I think VERY highly of Neal Yanofsky and know if he is involved in any way, it will be a big success."

The trial court granted the no evidence summary judgment motion. On appeal, Yanofsky argues this was error, again citing Lao's email response to Sutton as the only evidence of the benefit to Guideboat by the misappropriation of his likeness. Sutton and Guideboat, in contrast, argue Lao's email response constitutes no evidence or alternatively no more than a scintilla of evidence on any alleged benefit to Guideboat.

The three elements of invasion of privacy by misappropriation are: (1) the defendant appropriated the plaintiff's name or likeness for the value associated with

it; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant. *Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 900 (Tex. App.—Dallas 2001, no pet.). Texas law does not protect a name per se, but the value associated with it. *Id*. Liability for invasion of privacy arises only when the defendant appropriates for his own benefit the commercial standing, reputation, or other values associated with the plaintiff's name. *Id*. Generally, an appropriation becomes actionable when the name is used "to advertise the defendant's business or product, or for some similar commercial purpose." *Id*.

In their no evidence summary judgment motion, Sutton and Guideboat argued Yanofsky had no evidence to satisfy the third element. Both in the trial court and on appeal, the only evidence on this element cited by Yanofsky is Lao's email response to Sutton, which we quoted above. Taking as true all evidence favorable to Yanofsky, and indulging every reasonable inference and resolving any doubts in his favor, *see Ortiz*, 589 S.W.3d at 131, we agree with Sutton and Guideboat's view that Yanofsky presented no more than a scintilla of evidence that Guideboat received some advantage or benefit from Sutton's misappropriation of Yanofsky's likeness on Guideboat's behalf.

Although Yanofsky does not cite to the use of his name in Guideboat's investment materials as evidence of any benefit to Guideboat, even if we considered that evidence along with Lao's email response to Sutton, based on the record before us, such evidence does no more than create a mere surmise or suspicion that the use

–12–

of Yanosky's name benefited Guideboat, and summary judgment was thus proper. *See Express One Int'l, Inc.*, 53 S.W.3d at 900 (concluding claimant produced no evidence defendant appropriated a particular name for the defendant's own benefit because of any value associated with the name); *see also Merriman*, 407 S.W.3d at 248; *King Ranch, Inc.*, 118 S.W.3d at 751 (both discussing no evidence summary judgment standards).

On this record, we conclude the trial court did not err in granting no evidence summary judgment on Yanofsky's claim against Guideboat[4] for invasion of privacy based on misappropriation of his likeness. We overrule Yanofsky's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

220957f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE

---

[4] The trial court's summary judgment order and its later judgment nunc pro tunc stated, in part, "Guideboat is entitled to no-evidence summary judgment on Yanofsky's invasion of privacy from appropriation of likeness claim," Yanofsky "shall take nothing" on this claim against Guideboat[,]" and such claim "against Sutton and Guideboat is dismissed with prejudice as to re-filing same." Despite the trial court's description of the invasion of privacy from appropriation of likeness claim as being "against Sutton and Guideboat," Yanofsky asserted this claim only against Guideboat, not against Sutton. Thus, in deciding Yanofsky's second issue, we consider only whether the trial court erred in granting no evidence summary judgment to Guideboat on this claim and conclude it did not.

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

NEAL YANOFSKY, Appellant

No. 05-22-00957-CV     V.

BUFF CITY SOAP INVESTCO, LLC, MICHAEL SUTTON AND GUIDEBOAT CAPITAL PARTNERS, LLC, Appellees

On Appeal from the 191st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-09871. Opinion delivered by Justice Molberg. Justices Reichek and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GUIDEBOAT CAPITAL PARTNERS, LLC recover its costs of this appeal from appellant NEAL YANOFSKY.

Judgment entered this 6th day of December, 2024.