**OWENS ENTERTAINMENT CLUB,
Appellant,**

v.

**OWENS COMMUNITY IMPROVEMENT
CLUB et al., Appellees.**

**No. 4425.**

Court of Civil Appeals of Texas,
Eastland.

Feb. 5, 1971.

Grindstaff & Grindstaff, Everett J. Grindstaff, Ballinger, for appellant.

George A. Day, Brownwood, for appellees.

McCLOUD, Chief Justice.

This is a trespass to try title suit and in the alternative, a suit to remove a cloud cast upon the title of the property in question, brought by appellant, Owens Entertainment Club, a Texas Non-Profit Corporation, against appellees, Owens Community Center and Owens Community Improvement Club. Trial was to the court without the intervention of a jury. The case was tried on April 3, 1969, and a hearing on the judgment was held on March 5, 1970. The judgment provided that the deed from the directors of Owens Community Center to Owens Entertainment Club, Inc., dated October 25, 1968, be nullified, cancelled and held for naught and that all other relief prayed for by appellant be denied.

Appellant contends that prior to August 3, 1968, its members functioned as Owens Community Center and on that date during a meeting at the Community Center Building another group came to the meeting and following what was called a near riot the

original group left the building in order to avoid trouble and started meeting at a different location. Thereafter, this group complied with the provisions of the Texas Non-Profit Corporation Act and the certificate of incorporation designates the new organization as Owens Entertainment Club, Inc. Appellant says that Owens Entertainment Club, Inc., is actually an outgrowth of the Owens Community Center as all the members of the Owens Entertainment Club, Inc., were members of the Owens Community Center.

On October 25, 1968, a deed executed by certain persons designated as directors of the Owens Community Center conveyed the property in question to Owens Entertainment Club, Inc.

Appellees contend that Owens Community Center is still an active organization; that the authorization and execution of the deed did not comply with the provisions of the constitution governing the internal operation of the Owens Community Center and that title to the property should remain in the Owens Community Center.

█ No findings of facts or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In order to warrant a reversal, the appellant must show that under no theory was the court authorized to render the judgment, and the judgment will be affirmed if the statement of facts supports it on any theory. Rosales v. Rosales, 377 S.W.2d 661 (Tex.Civ. App.); Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609.

█ Appellant contends that the trial court erred in interfering with the internal policies of a voluntary organization. As a general rule, courts will not undertake to direct or control associations in matters of internal policy; however, they will not hesitate, when some valuable or property right is involved, to entertain jurisdiction and afford relief. Jones v. Maples, 184 S. W.2d 844 (Tex.Civ.App., error ref.); Lone Star Lodge No. 1,935, K. & L. of Honor et al. v. Cole et al., 62 Tex.Civ.App. 500, 131 S.W. 1180 (Tex.Civ.App., error ref.).

█ The property in question was deeded to the trustees of the Owens Community Center by a deed dated March 23, 1965. Shortly thereafter a building was moved onto the property and such building served as the meeting place for all concerned until the disagreement of August 3, 1968. Certainly, the conveyance of the only real estate owned by Owens Community Center involved a valuable property right and appellant's point is overruled.

Appellant next complains that certain exhibits offered at the time of trial were improperly excluded and that the trial court erred in refusing to reopen the case at the hearing for judgment on March 5, 1970, for the purpose of admitting into evidence the August 25, 1967, minutes of the Owens Community Center.

█ Owens Community Center approved and adopted a constitution on March 12, 1965. Article IV of the constitution provides:

"Meetings: Owens Community Center shall meet on the last Friday night of each month in the Community Center Building, at which time all major business of the club shall be acted upon."

The trial court admitted into evidence minutes of meetings taken on the last Friday night of each month but excluded minutes of weekly meetings occurring at other times. Appellees objected to the introduction of such exhibits because the meetings were not held in accordance with the provisions of the constitution. During the trial it was not shown that the constitution had been amended as to official meeting times. We are of the opinion that the trial court did not commit error in excluding the exhibits offered by appellant.

At the time of the hearing for judgment, March 5, 1970, appellant requested the trial

court to reopen the cause for the purpose of admitting into evidence minutes of the Owens Community Center dated August 25, 1967. This request was refused and appellant filed its bill of exception which states that such minutes would have been as follows:

" * * * The President called for any unfinished or new business. A discussion was brought forward in regards to the changing of the meeting nights. The Board of Directors introduced an amendment to the constitution pertaining to Article IV of the constitution of the Owens Community Center, from Friday nights to Saturday nights of each week. Also any business pertaining to the Owens Community Center, or any other type of business, may be brought up at any meeting of the Owens Community Center. These amendments supercede any other amendment or any article of the constitution that it may effect. Mr. Holland moved that the amendment be tabled until the next regular meeting night. The move was seconded by Mr. Manning, motion was voted on and approved by majority of 43 for and 13 against with 6 members abstaining. * * *"

Article XIV of the Owens Community Center constitution provides:

"Amendments: Amendments to this constitution may be adopted from time to time as occasion demands, providing such amendments are submitted in writing and allowed to lay over until the next meeting at which time they will be approved or rejected by the club by majority vote."

Appellant contends that the minutes offered in its bill of exception together with the minutes of the September 29, 1967 meeting show a changing of the meeting times in compliance with the constitution.

■ During the trial appellant's witness Joe Krischke stated that to his knowledge the constitution had never been amended.

Jerry Tongate testified that the Community Center met on Friday night and the Domino Club met on Saturday night. Appellant's witness Georgia McClanahan testified that she was the secretary of Owens Community Center and that the book in her hand at the time of trial contained all of the minutes with regard to the Owens Community Center. At that time appellant made no attempt to introduce into evidence minutes of a meeting occurring on August 25, 1967. Under the circumstances we cannot say the trial court abused his discretion in not permitting appellant, approximately one year after the case had been heard, to reopen and offer the additional evidence. Stroud v. Jones, 295 S.W.2d 491 (Tex.Civ. App., error ref. n. r. e.).

■ Even if it could be said that the trial court committed error in excluding the exhibits and in not permitting appellant to reopen the case and introduce the minutes of the August 25, 1967 meeting, we hold that appellant has not sustained its burden of demonstrating that the error probably resulted in the rendition of an improper judgment. Dennis v. Hulse, 362 S.W.2d 308 (Tex.Sup.Ct.); Rule 434, Texas Rules of Civil Procedure. Without regard to whether the meetings were required to be held on the last Friday of each month or might be held on Saturday as contended by appellant, the constitution does require that any meeting involving major business of the club be held in the Community Center Building. We think the conveyance of the Community Center Building would most assuredly constitute major business and under the evidence in this case any meeting authorizing the conveyance of such property, in order to effectuate a valid transfer, would have to take place in the Community Center Building as required by the constitution. The evidence is clear that the group who met and authorized the transfer to appellant did not meet at the Community Center Building and had not met in that building since the disturbance on August 3, 1968. Appellant's contention is overruled.

Appellant further contends that the judgment entered by the trial court is defective in that the judgment grants appellees certain affirmative relief and decrees that the deed from Owens Community Center to Owens Entertainment Club, Inc. be cancelled when there were no pleadings or evidence to support such action by the court. Appellees' answer contained a "not guilty" plea and further that appellee, Owens Community Center, was the lawful and legal owner of the property in question and that there had never been any legal authorization to transfer such property. The prayer further sought judgment for title and possession. We are of the opinion that the judgment is not defective.

We have considered all of appellant's points and finding no reversible error, the judgment of the trial court is affirmed.