**Affirmed in Part, Reversed and Remanded in Part, and Opinion filed September 19, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00107-CV

---

**ANAMBRA STATE COMMUNITY IN HOUSTON, INC. (ANASCO, INC.), Appellant**

**V.**

**CHRISTIAN CHINWUBA ULASI, INDIVIDUALLY AND AS THE FORMER PRESIDENT OF ANASCO, AND VINCENT N. NWEKE D/B/A ANAMBRA STATE COMMUNITY HOUSTON, Appellees**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2010-68898**

---

## O P I N I O N

On its own motion the trial court signed an order in which the court stated that it appeared this case presents no justiciable controversy within the court's subject-matter jurisdiction and that, to the extent there is such a controversy, the

court declined to exercise jurisdiction over these claims because they deal with the internal affairs of a non-profit organization. The trial court dismissed the plaintiff's claims. Except as to one claim, we conclude there is a justiciable controversy within the trial court's subject-matter jurisdiction. We further conclude that the trial court did not abuse its discretion by declining to exercise jurisdiction as to one issue, but that the trial court abused its discretion by declining to exercise jurisdiction over the other claims and issues. Accordingly, we affirm in part and reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Anambra State Community in Houston, Inc. (ANASCO, Inc.) (hereinafter "the Corporation"), is a Texas non-profit corporation that filed this lawsuit against appellees/defendants "Christian Chinwuba Ulasi, Individually and as the former president of ANASCO," and "Vincent N. Nweke d/b/a Anambra State Community, Houston, ('ANASCO')" (hereinafter, collectively the "Individuals"). In its live petition, the Corporation made the following allegations:

- Anambra is a state in the southeastern part of Nigeria. To be a member of the Corporation, an individual must be originally from Anambra.

- The Corporation was formed as an avenue for the citizens of Anambra to promote family values, to uphold truth and integrity among members in Houston, Texas, and to promote unity and peace among its members.

- The Corporation has a constitution that sets out the form, manner, or procedure in which the organization should be run. The constitution has been in effect since October, 2002.

- Appellee Christian Chinwuba Ulasi was the president of the Corporation before he was removed from office in 2010.

- During a July 2010 meeting of the Board of Directors of the Corporation, the members of the Board instructed Ulasi to incorporate

2

the association as required by the Corporation's constitution.

- When Ulasi failed to do so, the members of the Board of Directors instructed Sylvester Arubaleze, the Chairman of the Board, "to incorporate the Association" and file an assumed name certificate under the name "Anambra State Community in Houston" and the acronym "ANASCO."

- On October 1, 2010, Arubaleze filed a certificate of incorporation for the Corporation with the Texas Secretary of State. On October 15, 2010, Arubaleze filed an assumed name certificate with the Harris County Clerk.

- On October 15, 2010, the members of the Corporation decided unanimously to "dissolve the executive," apparently meaning that President Ulasi was removed from office. Ulasi was not at the meeting; Vice-President John Okafor presided over the meeting.

- At the October 15, 2010 meeting, the members of the Corporation found that (1) the Corporation had no operating bank account, and that funds were being deposited by the executives into "an unknown account called Anambra State Citizens of Houston, Inc., with Bank of America"; (2) the executive failed to incorporate the entity "Anambra State Community in Houston, Inc." in Texas as required by the constitution; (3) the Corporation did not have a tax identification number, never filed a tax return, and was never registered as a tax-exempt association under section 501(c) with the Internal Revenue Service; (4) the executives failed to submit the accounts of the association for audit when the request was made; and (5) the executives scheduled meetings irregularly, without considering that the official meeting dates must be on the third Friday of every month.

- On October 19, 2010, appellee Vincent N. Nweke filed and received an assumed name certificate from the Harris County Clerk under the name "Anambra State Community, Houston," a name similar to the Corporation's name. When he filed this certificate, Nweke "was aware that the same name was incorporated with the Secretary of State of Texas." Nweke sought this name from the Texas Secretary of State and was informed that the name was unavailable. Alternatively, the Corporation alleges that Nweke filed this certificate to confuse the public.

- On November 19, 2010, Nweke filed a suit in Harris County district court against the members of the Corporation, using the assumed name "Anambra State Community, Houston," knowing that he had no standing to bring the suit.

- To avoid confusion, it is necessary for the ousted executives to refrain from acting in their former capacities.

The Corporation asserts claims for breach of fiduciary duty, fraudulent misrepresentation, invasion of privacy by appropriation of the Corporation's name and likeness, and criminal liability based upon the Individuals' alleged violation of section 71.203 of the Texas Civil Practice and Remedies Code. The Corporation seeks actual damages based upon the alleged loss of funds, loss of good name, and loss of exclusive use of the Corporation's name. The Corporation also seeks nominal damages, attorney's fees, court costs, and injunctive relief restraining the Individuals from acting on behalf of the Corporation in executing contracts, and from filing suits in the name of the Corporation or as a representative of the Corporation.

The Corporation moved for summary judgment. In its summary-judgment motion, the Corporation argued that injunctive relief is necessary, in part, because the Anambra State Association, USA (hereinafter, "Anambra USA") has recognized the Corporation as the authentic affiliate chapter of Anambra USA in Houston. The Corporation also asserted that Ulasi breached his fiduciary duty as President by withdrawing the Corporation's funds from a bank account for his personal use. The Corporation also alleged that Ulasi committed fraud relating to Ulasi's alleged embezzlement of the Corporation's funds resulting in damages of $8,667.37. It appears based upon the Corporation's pleadings that most of the Individuals' allegedly actionable conduct occurred before the formation of the Corporation, which allegedly occurred on October 1, 2010. The Corporation, however, asserts that it is the successor to a prior unincorporated association that

4

was formed at least by October 2002 (hereinafter "the Association").

The Individuals deny the Corporation's allegations. They assert that the Corporation is not a continuation of the Association. Ulasi asserts that he has been president of the Association since 2008. According to Ulasi, the name of the Association is Anambra State Community, Houston, a non-profit association which has been in existence since "around 1998." Ulasi states that he has never been a member of the Corporation. Ulasi asserts that the Association's treasurer "colluded with [s]ome unhappy members and formed a similarly named entity in October 2010 and withdrew the funds in the [Association's bank account], without authorization." The Individuals filed a motion for summary judgment arguing that the crux of this lawsuit was the Corporation's contention that the Association had dissolved and that only the Corporation existed. The Individuals argued that this issue had become moot because (1) Anambra USA has recognized both the Corporation and the group led by Ulasi (hereinafter "the Community") as authentic Houston chapters of Anambra USA, and (2) it is uncontroverted that the two entities exist and are unrelated. The Individuals asserted that, as a matter of law, the Corporation was not entitled to the relief it sought.

The trial court granted the Individuals' summary-judgment motion. The Corporation timely filed a motion for new trial. The trial court then signed an order, in which the court stated that (1) it inadvertently had granted the Individuals' summary-judgment motion, (2) it appeared to the court that the case presented no justiciable controversy within the court's subject-matter jurisdiction, and (3) to the extent that the case presented a justiciable controversy within the court's subject-matter jurisdiction, the court declined to exercise jurisdiction over the internal affairs of a private, non-profit organization. The trial court cited in its order this court's opinion in *Stevens v. Anatolian Shepherd Dog Club of America*,

*Inc*., 231 S.W.3d 71 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The trial court vacated its prior summary-judgment order, declined to rule on the competing summary-judgment motions, and dismissed all of the Corporation's claims on the court's own motion.

## II. ISSUES AND ANALYSIS

On appeal, in its first issue, the Corporation asserts that the trial court erred in dismissing its claims.[1] In its second issue, the Corporation asserts that the trial court erred in refusing to rule on the Corporation's summary-judgment motion and argues that this court should grant its summary-judgment motion.[2]

### A. Did the trial court err in dismissing the claim in which the Corporation attempted to impose criminal liability on the Individuals?

In one of its claims, the Corporation seeks to impose criminal liability on the Individuals for allegedly committing the criminal offense set forth in section 71.203(a) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.203 (West 2013). In a civil case, a court lacks jurisdiction to impose criminal liability on a defendant. *See State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994); *Ryan v. Rosenthal*, 314 S.W.3d 136, 143 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Trantham v. Isaacks*, 218 S.W.3d 750, 753–54

---

[1] In the trial court, the Corporation did not object to the trial court's dismissal of its claims on the court's own motion or request an opportunity to present or submit evidence or be heard regarding the basis for the trial court's dismissal. The Corporation has not raised any such issues on appeal. Therefore, the propriety of the trial court acting on its own motion is not before us.

[2] The Individuals argue that, though the Corporation has appealed, the Corporation was never a party in the trial court because the "Anambra State Community in Houston a/k/a ANASCO" rather than the Corporation filed the original petition. Thus, the Individuals ask this court to dismiss this appeal as being improperly filed by an entity that was not a party in the trial court. This argument is based upon a false premise because an amended petition was filed in the trial court denominating the Corporation as the plaintiff; therefore, the Corporation was the plaintiff when the trial court dismissed its claims.

(Tex. App.—Fort Worth 2007, pet. denied). Thus, as to this claim, the trial court did not err in concluding that there is no justiciable controversy within the court's subject-matter jurisdiction and in dismissing this claim. *See Morales*, 869 S.W.2d at 947; *Ryan*, 314 S.W.3d at 143; *Trantham*, 218 S.W.3d at 753–54.

**B. Do the remaining claims present a justiciable controversy within the trial court's subject-matter jurisdiction?**

In the Corporation's remaining claims, it seeks a money judgment based on alleged breach of fiduciary duty, fraudulent misrepresentation, and invasion of privacy by appropriation of the Corporation's name and likeness. The Corporation also seeks injunctive relief. We first address whether these claims present a justiciable controversy within the trial court's subject-matter jurisdiction. For a justiciable controversy to exist, there must be a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

The record reflects that a real and substantial controversy exists between the Corporation and the Individuals as to many issues relevant to the remaining claims, including (1) whether the Corporation is the successor to the Association, (2) whether the Community is the same organization as the Association, (3) whether the Corporation may assert the Association's claims and property rights regarding conduct that occurred before formation of the Corporation, (4) whether the Individuals owed the Corporation or the Association a fiduciary duty when they allegedly engaged in their allegedly actionable conduct, (5) whether the Individuals committed fraud, (6) whether the Individuals improperly withdrew the Corporation's or the Association's funds from a bank account for their personal use, (7) whether the Individuals appropriated the Corporation's name or likeness for their own use or benefit, (8) whether the Corporation is entitled to a money

7

judgment based on its claims for breach of fiduciary duty, fraudulent misrepresentation, and invasion of privacy by appropriation of the Corporation's name and likeness, and (9) whether the Corporation is entitled to injunctive relief.[3] The Corporation and the Individuals dispute these issues and many of the facts relating to them. In addition, the remaining claims for breach of fiduciary duty, fraudulent misrepresentation, and invasion of privacy are within the subject-matter jurisdiction of the trial court. *See* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007 (West 2013).

In their motion for summary judgment, the Individuals asserted that the Corporation's claims had become moot because (1) Anambra USA has recognized both the Corporation and the Community as authentic Houston chapters of Anambra USA, and (2) it is uncontroverted that the two entities exist and are unrelated. But, the record reflects that a real and substantial controversy remains between the Corporation and the Individuals as to these issues. The Individuals assert that Anambra USA has recognized both the Corporation and the Community as authentic Houston chapters of Anambra USA. But, in its summary-judgment motion, the Corporation asserted that Anambra USA has recognized only the Corporation as the authentic Houston chapter of Anambra USA and that, as far as Anambra USA is concerned, the Community does not exist. In addition, the Corporation asserts that there is a relationship between the Association and the Corporation. The Corporation asserts that it is the successor of the Association and may assert the claims and right of the Association, as it seeks to do in its live petition.

The remaining claims present bona fide, concrete controversies ripe for

---

[3] In determining whether these claims present a justiciable controversy within the trial court's subject-matter jurisdiction, we do not address the merits of these claims.

judicial resolution. The record reflects real and substantial controversies involving a genuine conflict of tangible interests and not merely a theoretical dispute. We conclude that the remaining claims present justiciable controversies within the trial court's subject-matter jurisdiction. *See Bonham State Bank*, 907 S.W.2d at 467–69; *WesternGeco, L.L.C. v. Input/Output, Inc.*, 246 S.W.3d 776, 781–82 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Thus, the trial court erred to the extent it concluded to the contrary.

**C.** **Did the trial court err to the extent it declined to exercise jurisdiction over the Corporation's remaining claims?**

To the extent that the Corporation's claims present justiciable controversies within the trial court's subject-matter jurisdiction, the trial court declined to exercise jurisdiction over these claims under the rule in *Stevens v. Anatolian Shepherd Dog Club of America*, *Inc*. *See* 231 S.W.3d 71, 74–77 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Therefore, we now address whether the trial court erred in declining to exercise jurisdiction over the Corporation's remaining claims.

Texas courts are not disposed to interfere with the internal management of a voluntary association. *See id*. at 74. A member of such an association is subject to the organization's power to make and administer its rules, including rules regarding membership in the association. *See id*. at 74–75. Despite this general rule, courts will interfere in the inner dealings of a private association if a valuable right or property interest is at stake or if the association fails to give its members something similar to due process. *See id*. at 75. This rule of judicial non-interference is not a jurisdictional rule; we review the trial court's decision declining to exercise jurisdiction over the remaining claims for an abuse of

9

discretion.[4] *See id.* at 75–76.

The record shows that Anambra USA, the Corporation, and the Community are all voluntary associations. In its remaining claims, the Corporation asserts in part that it is the only authentic affiliate chapter of Anambra USA in Houston. The Corporation has not shown or argued that the determination of this issue involves a valuable right or property interest or that Anambra USA has failed to provide the Corporation with something similar to due process. We conclude that the trial court did not abuse its discretion by declining to exercise jurisdiction over the remaining claims to the extent that the Corporation seeks an adjudication of whether it is the only authentic affiliate chapter of Anambra USA in Houston. *See id.* at 76–77.

In the remainder of its suit, the Corporation seeks a money judgment and injunctive relief based upon claims for breach of fiduciary duty, fraudulent misrepresentation, and invasion of privacy by appropriation of the Corporation's name and likeness. The Corporation asserts that Ulasi breached his fiduciary duty as President by withdrawing the Corporation's funds from a bank account for his personal use. The Corporation also alleges that Ulasi committed fraud relating to Ulasi's alleged embezzlement of the Corporation's funds resulting in damages of $8,667.37. Whether the Corporation's claims have merit is not an issue before this court; however, the record reflects that these claims involve a valuable right or property interest. Therefore, we conclude that the trial court abused its discretion

---

[4] In *Swonke v. First Colony Community Servs. Assoc.*, this court held that, if such a decision is made in a summary-judgment order, we review this decision de novo. *See* No. 14-09-00019-CV, 2010 WL 2361691, at \*6, n.3 (Tex. App.—Houston [14th Dist.] June 15, 2010, pet. granted, judgm't vacated w.r.m.) (mem. op.). In the case under review, the trial court did not decline to exercise jurisdiction in a summary-judgment order, and we review this decision for an abuse of discretion consistent with this court's opinion in *Stevens*. *See Stevens*, 231 S.W.3d at 75–76.

10

to the extent it declined to exercise jurisdiction over these claims. *See Swonke v. First Colony Community Servs. Assoc.*, No. 14-09-00019-CV, 2010 WL 2361691, at \*10–11 (Tex. App.—Houston [14th Dist.] June 15, 2010, pet. granted, judgm't vacated w.r.m.) (mem. op.); *Owens Entertainment Club v. Owens Community Imp. Club*, 466 S.W.2d 70, 72 (Tex. App.—Eastland 1971, no pet.).

### III. CONCLUSION

Regarding the claim in which the Corporation seeks to impose criminal liability on the Individuals for allegedly committing the criminal offense set forth in section 71.203(a) of the Texas Civil Practice and Remedies Code, the trial court did not err in concluding that there is no justiciable controversy within the court's subject-matter jurisdiction and in dismissing this claim. But, the Corporation's remaining claims present justiciable controversies within the trial court's subject-matter jurisdiction, and the trial court erred to the extent it concluded otherwise.

The trial court did not abuse its discretion by declining to exercise jurisdiction over the remaining claims to the extent that the Corporation seeks an adjudication of whether it is the only authentic affiliate chapter of Anambra USA in Houston. But, because the Corporation's other claims involve a valuable right or property interest, the trial court abused its discretion to the extent it declined to exercise jurisdiction over them.

Accordingly, we sustain the Corporation's first issue in part and overrule it in part. We affirm the trial court's judgment to the extent the trial court dismissed (1) the claim in which the Corporation seeks to impose criminal liability on the Individuals, and (2) the claims to the extent that the Corporation seeks an adjudication of whether it is the only authentic affiliate chapter of Anambra USA in Houston. We reverse the remainder of the trial court's judgment and remand for

further proceedings.[5]


                                        /s/     Kem Thompson Frost
                                                Justice


Panel consists of Justices Frost, Brown, and Busby.

---

[5] In its second issue, the Corporation asserts that the trial court erred by refusing to rule on the Corporation's motion for summary judgment, and the Corporation requests that we grant this summary-judgment motion. Given the trial court's conclusion that it either lacked jurisdiction or declined to exercise jurisdiction over all of the Corporation's claims, it was not appropriate for the trial court to rule on the pending summary-judgment motions. In the posture of this appeal, it is not appropriate for this court to address whether the Corporation is entitled to summary judgment. As to the claims that we remand to the trial court, the Corporation and the Individuals are free to assert entitlement to summary judgment on remand. Accordingly, we overrule the second issue.