Russell Lloyd, Justice *128 Appellant, Jeffrey L. Doggett, appeals the trial court's judgment rendered in favor of appellee, The Travis Law Firm f/k/a Travis & Hammond, P.C. ("The Travis Law Firm"), on its cause of action for invasion of privacy by appropriation of name or likeness. Doggett raises eight issues on appeal. In issues one and five through eight, Doggett contends that The Travis Law Firm cannot recover on its claim for invasion of privacy by misappropriation because (1) a corporation does not have a right to privacy; (2) there was no evidence presented at trial that (a) The Travis Law Firm's name had any value, (b) the alleged appropriation of the name was for any such value, (c) the alleged appropriation resulted in a benefit to Doggett, and (d) The Travis Law Firm's alleged damages were the proximate consequence of Doggett's appropriation of its name; and (3) the evidence conclusively proved that The Travis Law Firm (a) consented to Doggett's use of its name and (b) was estopped from complaining about Doggett's use of its name. In issues two through four, Doggett argues that The Travis Law Firm cannot recover attorney's fees from a prior lawsuit as actual damages because (1) the Texas Supreme Court has not adopted an equitable exception to the general rule regarding attorney's fees; (2) an attorney representing himself does not incur attorney's fees; and (3) The Travis Law Firm was not a prevailing party in the prior lawsuit. We reverse and render.
Background
In 2008, Gregory R. Travis, the sole shareholder of The Travis Law Firm, met with William D. Hammond to discuss the possibility of working together. Travis and Hammond agreed to change the firm's name to Travis & Hammond, P.C.
At trial, Travis testified that he and Hammond changed the name of the firm to facilitate a cross-marketing agreement between them. Travis testified that Hammond's role at the firm was that of a contract employee only but that Hammond was allowed to obtain, in his individual capacity, the d/b/a designation of Travis & Hammond. Travis testified that the arrangement ultimately "didn't work out" and ended approximately nine months later.[1]
Hammond, however, disputed Travis's characterization of their arrangement. Hammond testified that he became a partner and that he and Travis represented themselves as partners to the public as well to as the bar.
Doggett began working at Travis & Hammond in 2008. Doggett and Hammond testified that Travis offered, and Doggett accepted, an "of counsel" position with the firm. Doggett testified that, as part of the arrangement, he was allowed to use the firm phone number, fax number, the email address jdoggett@travishammondlaw.com, as well as internet and office facilities, including the storage room, kitchen, and conference room. Doggett also testified that the firm receptionist answered his calls and the firm offered to do his billing. Hammond testified that, as a firm partner, he authorized Doggett to use the firm letterhead and the firm name, without limitation, and that he specifically asked Doggett to use the firm letterhead in cases on which they worked together. Hammond further testified that the firm listed Doggett's *129 name together with the firm's name in pleadings, and that Doggett used the firm's name in some of the pleadings he filed. Doggett's biography and photograph were included in the firm's marketing materials and on the firm's website.
Travis testified that he never discussed an "of counsel" role for Doggett, that Doggett's role at the firm was limited to leasing office space and working on his own cases as well as Hammond's cases, and that any work Doggett performed on Travis's cases was as a contract attorney. Travis further testified that Hammond did not have the authority to bind Travis & Hammond, and that Doggett was prohibited from using the Travis & Hammond name on cases that Doggett brought in and worked on in his individual capacity.
Sometime in 2008, Doggett was hired to represent a client named Li Li in a lawsuit (the "1821 litigation") in which the client was sued for breach of contract and negligence. Doggett testified that Ms. Li hired him in his individual capacity, and that she did not hire Travis & Hammond. Nevertheless, Doggett sent emails to Ms. Li using the jdoggett@travishammondlaw.com email account that included a signature line showing Doggett's name and Travis & Hammond, P.C. together. Doggett also signed the original answer for Ms. Li as well as a counterclaim on her behalf under the designation Travis & Hammond, P.C. Doggett received $14,279.31 for representing Ms. Li in the "1821 litigation." On September 29, 2010, the trial court rendered judgment against Ms. Li.
On December 7, 2012, Ms. Li sued Doggett and The Travis Law Firm f/k/a Travis & Hammond, P.C., alleging that Doggett had committed malpractice in his representation of her, and that The Travis Law Firm was liable under a theory of respondeat superior. Travis asked Doggett to defend the firm in the malpractice litigation but Doggett told Travis that he could not do so because he was a fact witness in the case and was representing himself, and that he was concerned that a conflict of interest existed. Doggett subsequently represented himself and The Travis Law Firm represented itself in the malpractice suit. On September 13, 2013, one day before her scheduled deposition, Ms. Li non-suited her claims against Doggett and The Travis Law Firm.
On February 28, 2014, The Travis Law Firm filed suit against Doggett, alleging causes of action for negligence and invasion of privacy by appropriation of name or likeness. It later amended its petition to add claims for fraud, fraud by nondisclosure, and breach of contract.
The case proceeded to trial on August 15, 2016. The Travis Law Firm submitted two causes of action to the jury: (1) invasion of privacy by appropriation of name or likeness and (2) breach of contract. As relevant here, the charge stated:
QUESTION NO. 1
Did Doggett invade the privacy of Travis Law Firm by appropriation of the name and/or likeness of Travis Law Firm?
"Appropriate the name and/or likeness" means the following:
a. Doggett used Travis Law Firm's name or likeness, including its former name Travis & Hammond, P.C. for the value associated with it; and
b. Travis Law Firm could be identified by Doggett's use of Travis Law Firm's name or likeness; and
c. Doggett received some advantage or benefit from the appropriation; and
d. Travis Law Firm suffered an injury as a result of Doggett's appropriation.
*130 The jury answered "Yes" and awarded $24,279.31 in damages to The Travis Law Firm on its invasion of privacy claim. Although the jury found that Doggett had breached his agreement with The Travis Law Firm, it found that his failure to comply was excused.
On September 16, 2016, The Travis Law Firm filed a motion for judgment. Doggett filed a response to the motion and request for oral hearing. On October 4, 2016, Doggett filed a motion for judgment notwithstanding the verdict ("JNOV"). In his motion, Doggett argued, among other things, that The Travis Law Firm could not recover on its invasion of privacy claim by appropriation of name or likeness because Texas law does not recognize a corporation's right to privacy. On November 4, 2016, the trial court held a hearing on the motion for judgment and the motion JNOV. The trial court deferred ruling on the motions and requested supplemental briefing from the parties.
On November 11, 2016, the trial court rendered judgment on the jury's verdict in favor of The Travis Law Firm and awarded damages in the amount of $24,279.31. On December 9, 2016, Doggett filed a motion for new trial and, on January 6, 2017, a motion to reconsider his motion JNOV or, alternatively, a motion to vacate and/or modify the judgment, both of which were overruled by operation of law. Doggett timely filed this appeal.
Discussion
In his first issue, Doggett contends that the trial court erred in rendering judgment in favor of The Travis Law Firm on its invasion of privacy claim by appropriation of name of likeness because Texas law does not recognize a right of privacy for a corporation. The Travis Law Firm argues that a corporation can prevail under such a theory.
Invasion of privacy is an intentional tort. See Billings v. Atkinson , 489 S.W.2d 858, 860-61 (Tex. 1973). Texas recognizes three separate types of invasion of privacy: (1) intrusion upon seclusion or solitude or into one's private affairs; (2) public disclosure of embarrassing private facts; and (3) wrongful appropriation of one's name or likeness. See Cain v. Hearst Corp. , 878 S.W.2d 577, 578 (Tex. 1994) (discussing cases recognizing each type of privacy right).[2]
The three elements of invasion of privacy by misappropriation are (1) the defendant appropriated the plaintiff's name or likeness for the value associated with it; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant. Express One Int'l, Inc. v. Steinbeck , 53 S.W.3d 895, 900 (Tex. App.-Dallas 2001, no pet.) (citing Matthews v. Wozencraft , 15 F.3d 432, 437 (5th Cir. 1994) ). Texas law applies a very restrictive interpretation of the tort. See Cardiovascular Provider Res., Inc. v. Gottlich , No. 05-13-01763-CV, 2015 WL 4914725, at *3 (Tex. App.-Dallas Aug. 18, 2015, pet. denied) (mem. op.) (citing Meadows v. Hartford Life Ins. Co. , 492 F.3d 634, 639 (5th Cir. 2007) ).
No Texas authority has recognized a corporation's right to privacy. See Abbott v. GameTech Int'l, Inc. , No. 03-06-00257-CV, 2009 WL 1708815, at *7 (Tex. App.-Austin June 17, 2009, pet. denied) (noting no Texas authority recognizes corporation's right to privacy, and declining to recognize such right);
*131 Chair King, Inc. v. GTE Mobilnet , 135 S.W.3d 365, 395 (Tex. App.-Houston [14th Dist.] 2004), rev'd on other grounds , 184 S.W.3d 707 (Tex. 2006) (same); Express One , 53 S.W.3d at 900 ; see also MICHOL O'CONNOR , TEXAS CAUSES OF ACTION 409 (2017) (noting corporations do not have right to privacy and probably cannot recover for invasion of privacy by appropriation of name or likeness). Doggett argues that because Texas does not recognize a right of privacy for a corporation, and appropriation of name or likeness is a species of invasion of privacy, The Travis Law Firm cannot recover on its appropriation claim.
In support of its assertion that it can recover under a misappropriation theory, The Travis Law Firm cites U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc. , 865 S.W.2d 214 (Tex. App.-Waco 1993, writ denied). In that case, the plaintiff corporation sued a sporting goods corporation and its president for misappropriation of its animal sound tape recordings. See ids="9996766" index="11" url="https://cite.case.law/sw2d/865/214/">id. at 216. Following a jury trial, the trial court rendered judgment for the plaintiff, and the defendant appealed. See ids="9996766" index="12" url="https://cite.case.law/sw2d/865/214/">id. In particular, the defendant argued that the plaintiff had failed to state a claim for misappropriation as it is recognized under Texas law. See ids="9996766" index="13" url="https://cite.case.law/sw2d/865/214/">id. The court of appeals rejected the defendant's argument and recognized a cause of action for misappropriation. See ids="9996766" index="14" url="https://cite.case.law/sw2d/865/214/">id. at 218.
U.S. Sporting Products is inapposite to the case before us. There, the court recognized the plaintiff's misappropriation claim as one of several independent causes of action within the broad scope of unfair competition. See ids="9996766" index="15" url="https://cite.case.law/sw2d/865/214/">id. at 217. Here, The Travis Law Firm alleged a claim for invasion of privacy, not unfair competition.[3]
The Travis Law Firm also relies on Express One. 53 S.W.3d 895. In that case, Express One International sought to recover damages from Steinbeck, a former Express One pilot, after Steinbeck, using the screen name "ExpresONE," allegedly posted on an internet message board a message containing negative comments about union supporters during a labor representation election campaign. See ids="9491306" index="17" url="https://cite.case.law/sw3d/53/895/#p900">id. at 897. After it denied responsibility, Express One sued Steinbeck for trade name dilution, invasion of privacy, negligence, and conversion. See ids="9491306" index="18" url="https://cite.case.law/sw3d/53/895/#p900">id. The trial court granted summary judgment in favor of Steinbeck, and Express One appealed. See id. at 898.
In addressing Express One's challenge to the summary judgment granted on its invasion of privacy claim, the trial court stated
Express One acknowledges there is no Texas authority granting corporations a right of privacy. It argues, however, that a corporation should be allowed to sue for invasion of privacy as a logical extension of its right to sue in tort. Express One notes that its invasion of privacy claim is not based on allegations of intrusion into its seclusion, but rather on the alleged misappropriation of its name. Express One argues that this species of invasion of privacy should be equally available to corporations as it is to individuals.
Id. at 900. The court then stated, "[e]ven assuming Express One had a legal right to sue for invasion of privacy by virtue of the alleged misappropriation of its name, we conclude it produced no evidence to support its cause of action." Id. In particular, the court noted that Express One produced *132 no evidence that Steinbeck appropriated the name "Express One" for his own benefit because of any value associated with the name. See ids="9491306" index="22" url="https://cite.case.law/sw3d/53/895/#p900">id. The court upheld the summary judgment granted on Express One's appropriation claim. See ids="9491306" index="23" url="https://cite.case.law/sw3d/53/895/#p900">id.
The Travis Law Firm argues that the Express One decision supports its position because the court did not hold that a misappropriation cause of action is unavailable to a corporation, rather it "assumed that the corporation plaintiff had a viable cause of action for appropriation" and fully considered the claim. However, the Express One court began its analysis of the issue by noting that no Texas authority has recognized a corporation's right to privacy. It then stated that even if Express One had such a right, it would still not prevail on its claim. We do not read the court's analysis as suggesting anything more.
The Travis Law Firm also cites Anambra State Community in Houston, Inc. v. Ulasi , 412 S.W.3d 786 (Tex. App.-Houston [14th Dist.] 2013, no pet.) in support of its argument that a corporation can maintain a misappropriation claim. There, ANASCO, a non-profit corporation, sued former executives alleging causes of action for breach of fiduciary duty, fraudulent misrepresentation, invasion of privacy by appropriation of corporation's name and likeness, and criminal liability. See ids="7090134" index="25" url="https://cite.case.law/sw3d/412/786/">id. at 789. The parties filed cross-motions for summary judgment, and the trial court granted the executives' motion. Id. at 789-90. The trial court subsequently issued an order stating, among other things, that it had inadvertently granted the executives' motion, the case presented no justiciable controversy within the court's subject matter jurisdiction, and to the extent that a justiciable controversy existed, the court declined to exercise jurisdiction over the internal affairs of a private, non-profit organization. See ids="7090134" index="27" url="https://cite.case.law/sw3d/412/786/">id. at 790. The trial court vacated its prior summary judgment order, declined to rule on the competing summary judgment motions, and dismissed all of the corporation's claims. See ids="7090134" index="28" url="https://cite.case.law/sw3d/412/786/">id.
On appeal, the Fourteenth Court of Appeals upheld the portion of the trial court's judgment dismissing the corporation's claim seeking to impose criminal liability on the executives. See ids="7090134" index="29" url="https://cite.case.law/sw3d/412/786/">id. at 791. With regard to the remaining claims, including the invasion of privacy by appropriation of name of likeness, the court of appeals concluded that the claims presented justiciable controversies within the trial court's subject matter jurisdiction. See ids="7090134" index="30" url="https://cite.case.law/sw3d/412/786/">id. at 792. In making its determination, the trial court expressly stated that it was not addressing the merits of those claims. See ids="7090134" index="31" url="https://cite.case.law/sw3d/412/786/">id. at 791 n.3.
The Travis Law Firm argues that "ANASCO thus presents, at a minimum an implicit, if not explicit, holding that a corporation, such as Travis & Hammond, can maintain a claim for misappropriation of name or likeness." But, a determination that subject matter jurisdiction exists in the trial court says nothing about the viability of the claims asserted. Indeed, the court of appeals noted that the issue of whether the claims had merit was not before it. See ids="7090134" index="32" url="https://cite.case.law/sw3d/412/786/">id.
Invasion of privacy is the theory on which The Travis Law Firm tried its case and on which the jury was charged. Texas courts have not recognized a corporation's right to privacy, and we likewise decline to do so here. The Travis Law Firm cannot recover for invasion of privacy by appropriation of name or likeness. Accordingly, we sustain Doggett's first issue.[4]
*133 Conclusion
Having determined that that The Travis Law Firm cannot recover on its cause of action for invasion of privacy, we reverse the judgment of the trial court and render judgment that The Travis Law Firm take nothing against Doggett on its invasion of privacy claim.

Travis testified that the firm became Travis & Portele, P.C. but was later renamed The Travis Law Firm.

In Cain v. Heart Corp. , the Texas Supreme Court expressly declined to recognize a false light invasion of privacy action. See 878 S.W.2d 577, 578 (Tex. 1994).

The Travis Law Firm also cites International News Service v. Associated Press , 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211 (1918) and Gilmore v. Sammons , 269 S.W. 861 (Tex. Civ. App.-Dallas 1925, writ ref'd). Similar to U.S. Sporting Products , these courts recognized the plaintiffs' appropriation claims within the scope of unfair competition law and not as invasion of privacy actions.

In light of our disposition, we need not address Doggett's remaining evidentiary issues and his issues challenging the recovery of attorney's fees. See Tex. R. App. P. 47.1.